En el Tribunal Supremo de Puerto Rico

| IN RE: | |
|---|---|
| LIC. CARLOS RIVERA RODRIGUEZ Querellado | CONDUCTA PROFESIONAL |
| V. | 99TSPR2 |

Número del Caso: AB-98-137

Abogados de la Parte Peticionaria: Lic. María De Lourdes Rodríguez
Oficial Investigadora
Colegio de Abogados de P.R.

Abogados de la Parte Recurrida:

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 1/19/1999

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lic. Carlos Rivera Rodríguez                    AB-98-137

PER CURIAM

San Juan, Puerto Rico, a 19 de enero de 1999.

El 10 de noviembre de 1997, Confesor Arroyo Román, presentó ante el Colegio de Abogados de Puerto Rico una queja bajo juramento contra el Lic. Carlos Rivera Rodríguez, mediante la cual le imputaba haber cobrado $2,700.00 por servicios profesionales que no había rendido. El 1ro. de diciembre de 1997, la Comisión de Etica Profesional del Colegio de Abogados se dirigió al licenciado Rivera Rodríguez, enviándole copia de la queja aludida, y concediéndole un término de quince (15) días para que reaccionara a dicha queja.

El 14 de enero de 1998, veintinueve (29) días después de haber transcurrido el término que le había fijado la Comisión de Etica del Colegio de Abogados

al licenciado Rivera Rodríguez para contestar, sin que éste lo hubiese hecho, dicha Comisión volvió a comunicarse con Rivera Rodríguez para concederle un término adicional de diez (10) día para formular su posición ante la queja referida, con el debido apercibimiento de que no atender los reclamos del Colegio sobre el particular constituía por sí solo una falta de ética.

El Lcdo. Carlos Rivera Rodríguez tampoco contestó el segundo requerimiento de la Comisión de Etica del Colegio de Abogados sobre la queja pendiente. El vista de ello, el 16 de junio de 1998, la Comisión le dio un tercer término de veinte (20) días para recibir una contestación a la queja pendiente, advirtiéndole al Lcdo. Carlos Rivera Rodríguez que de no contestar este tercer requerimiento, el asunto sería sometido al Tribunal Supremo de Puerto Rico para la acción correspondiente.

Transcurrido el término referido sin que el licenciado Rivera Rodríguez hubiese contestado la queja pendiente, el 17 de agosto de 1998, la Comisión de Etica Profesional del Colegio de Abogados trajo el asunto a nuestra atención para la acción que estimásemos pertinente. El 28 de agosto de ese mismo año, mediante Resolución notificada personalmente y por la vía ordinaria, le concedimos un término de quince (15) días al licenciado Rivera Rodríguez para que contestase los requerimientos del Colegio de Abogados, y para que le expusiese a este Tribunal las razones, si alguna tenía, por las cuales no debía ser sancionado por su incumplimiento con

los requerimientos del Colegio de Abogados. Le apercibimos que su incumplimiento con nuestra Resolución podría acarrear ulteriores sanciones disciplinarias en su contra.

El licenciado Rivera Rodríguez no atendió nuestra Resolución del 28 de agosto de 1998. Por ello, el 9 de octubre de 1998, emitimos una segunda Resolución, concediéndole un término adicional de treinta (30) días para cumplir con nuestra Resolución anterior. Le apercibimos entonces que el incumplimiento con esta segunda Resolución conllevaría la suspensión indefinida de la profesión. Se le notificó personalmente esta Resolución.

Han transcurrido más de tres (3) meses desde que se notificó la Resolución nuestra del 9 de octubre de 1998 sin que el Lcdo. Carlos Rivera Rodríguez haya contestado nuestras Resoluciones. Tampoco ha contestado los requerimientos del Colegio de Abogados.

Sencillamente, el licenciado Rivera Rodríguez no ha cumplido con las órdenes de este Tribunal, demostrando así que no tiene interés alguno en continuar ejerciendo la abogacía en nuestra jurisdicción.

I

Reiteradamente hemos resuelto que los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, particularmente cuando se trata de una queja presentada en su contra que está siendo investigada, independientemente de los méritos de la misma.

De igual forma, en numerosas ocasiones hemos preceptuado que la indiferencia de los abogados a responder a órdenes de este Tribunal apareja la imposición de sanciones disciplinarias severas. In re: Torres Zayas, Per Curiam del 30 de noviembre de 1998, ___ D.P.R. ___, ___ JTS ___; In re: Laborde Freyre, Per Curiam de 13 de febrero de 1998, 144 D.P.R. ____, 98 JTS 15; In re: Manzano Velázquez, Per Curiam de 7 de noviembre de 1997, 144 D.P.R. ___, 97 JTS 135; In re: Escalona Vicenty, Per Curiam de 22 de mayo de 1997, 143 D.P.R. ___, 97 JTS 91; In re: Claudio Ortiz, Per Curiam de 8 de noviembre de 1996, 141 D.P.R. ___, 96 JTS 153; In re: Sepúlveda Negroni, Per Curiam del 25 de octubre de 1996, 141 D.P.R. ___, 96 JTS 140; In re: Rivera Rivera, Per Curiam de 20 de junio de 1996, 141 D.P.R. ___, 96 JTS 113; Colegio de Abogados v. Diversé Verges y Otros, op. de 16 de junio de 1994, 137 D.P.R. ___, 94 JTS 97; In re: Pérez Bernabé, op. de 19 de mayo de 1993, 133 D.P.R. ___, 93 JTS 82; In re: Ribas Dominicci y Otros, op. de 31 de agosto de 1992, 131 D.P.R. ___, 92 JTS 114.

Por todo lo anterior, se suspende indefinidamente del ejercicio de la abogacía al licenciado Rivera Rodríguez, hasta tanto acredite su disposición de cumplir rigurosamente con nuestras órdenes y este Tribunal disponga lo que proceda en derecho.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lic. Carlos Rivera Rodríguez

                    AB-98-137

SENTENCIA

San Juan, Puerto Rico, a 19 de enero de 1999.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente, se suspende indefinidamente del ejercicio de la abogacía al Lcdo. Carlos Rivera Rodríguez, hasta tanto acredite su disposición de cumplir rigurosamente con nuestras órdenes y este Tribunal disponga lo que proceda en derecho.

Se ordena a la Oficina del Alguacil que se incaute de su obra notarial, incluso sello notarial, para ser remitida, examinada y oportunamente objeto de un Informe por parte de la Oficina de Inspección de Notarías.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Rebollo López y Hernández Denton no intervinieron.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo